IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEDRICK GERMOND SMITH                                                    PETITIONER

VS.                                                    CIVIL ACTION NO. 3:15cv109-DPJ-FKB

B. MOSLEY, WARDEN, F.C.C.
YAZOO CITY                                                                RESPONDENT

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2241. Dedrick Germond Smith was tried and convicted in the United States District Court for the Northern District of Alabama as an aider and abetter, pursuant to 18 U.S.C. § 2, of the crimes of first-degree felony murder, in violation of 18 U.S.C. § 1111, and murder of a federal agent while in the line of duty, in violation of 18 U.S.C. § 1114. He was sentenced to life without parole. His conviction was affirmed by the Eleventh Circuit Court of Appeals. *United States v. Clemons*, 32 F.3d 1504 (1994). Thereafter he filed a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. That motion was denied. Smith filed two subsequent motions under § 2255, both of which were dismissed as successive. His present petition represents yet another challenge to his conviction.

The underlying facts of the crime are as follows. Prior to the murder, Smith had told several individuals that he needed an engine for his Z-28 Camaro automobile. On the evening of May 28, 1992, Smith and two other individuals, Eugene Clemons and Kenny Reed, went driving in search of an appropriate vehicle. On this same evening, George Douglas Althouse, a DEA agent, and his housemate, Deputy Naylor Braswell, were traveling in Braswell's Z-28 Camaro to a meeting regarding some search warrants. Braswell stopped at a service station and exited the car, leaving Althouse in the

passenger seat. Clemons spotted the Camaro at the service station, stopped, and exited the car with a gun. Clemons then entered the Camaro on the driver's side, shot Althouse, and drove away in the Camaro. Smith and Reed, who were nearby, heard gunshots and saw Clemons driving the Camaro at a high rate of speed. Althouse died as a result of the gunshot wounds.

In his habeas petition, Smith argues that his conviction is invalid in light of a recent Supreme Court case, *United States v. Rosemond*, 134 S.Ct. 1240 (2014). Generally, the proper vehicle for a challenge to a conviction is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of his incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Smith argues that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (I) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Smith's position is that he may claim the benefits of the savings clause because his claim is based upon a newly-recognized, retroactively-applicable rule of law that could not have been raised prior to March 5, 2014, the date of the *Rosemond* decision.

In *Rosemond*, the defendant was charged with aiding and abetting under 18 U.S.C. § 2 for violation of 18 U.S.C.§ 924(c), which proscribes the use of a firearm during the commission of a violent crime or drug felony. The Court reversed the conviction, holding that in order to convict a defendant of aiding and abetting conduct which violates § 924(c), the government must prove that the defendant had advance knowledge that a firearm would be carried or used. *Rosemond*, 134 S.Ct. at 1243. The Court defined "advance knowledge" as knowledge acquired sufficiently in advance of the crime such that the accomplice has a realistic opportunity to withdraw from or alter the plan. *Id.* at 1249. Smith argues that *Rosemond* renders his conviction invalid because the jury in his case was not instructed that it was required to find that Smith had advance knowledge that Clemons would carry or use a firearm during the theft of the vehicle.

It is not clear that the reach of *Rosemond* extends to the crime of felony murder. Indeed, this court has previously declined to extend the *Rosemond* holding beyond § 924(c). *See Nix v. United States*, 2015 WL 2137296, at *2-3 (S.D. Miss. May 7, 2015); *Oscar v. Martin*, 2015 WL 5297267 (S.D. Miss. Sept. 10, 2015). *Oscar* involved a conviction under 21 U.S.C. §§ 848, 848(e)(1)(A), and 18 U.S.C. § for aiding and abetting a murder in furtherance of a Continuing Criminal Enterprise. The petitioner brought a *Rosemond* challenge to his conviction pursuant to § 2241, arguing that the savings clause applied. The court rejected his argument, holding that *Rosemond* does not apply to crimes other than aiding and abetting § 924(c) offenses. *Oscar*, 2015 WL 5297267, at *2.

Furthermore, even if *Rosemond* were applicable to aiding and abetting a § 1111 crime, Smith's argument nevertheless fails because he cannot fit his claim within the

*Reyes-Requena* test. The second prong of the *Reyes-Requena* test requires a petitioner to show that his claim is based upon a rule of law that represents a break with the previous law of his circuit such that he could not have raised his claim at trial, on direct appeal, or in his first § 2255 motion. The courts that have considered this issue in the context of the savings clause of § 2555 have almost uniformly concluded that the holding of *Rosemond* did not represent a wholly new rule but, rather, was clarification of existing law. See, *e.g., Smith v. Werlich*, 2016 WL 2989249, at *1 (5th Cir. May 23, 2016) (stating that law of the petitioner's circuit of conviction prior to *Rosemond* was consistent with *Rosemond* and that therefore his claim would not have been foreclosed); *see also Cooper v. O'Brien*, 2015 WL 6085717, at *4 (N.D. W.Va. Oct. 16, 2015), *aff'd,* 2016 WL 2587430 (4th Cir. May 5, 2016); *Freeman v. Warden*, 2015 WL 4661601, at *2 (W.D. La. Aug. 5, 2015) *aff'd on other grounds*, *Freeman v. Werlich*, 2016 WL 2961793 (5th Cir. May 20, 2016); *Acquil v. Butler*, 2015 WL 1914404, at *4 (E.D. Ky. April 27, 2015); *Taniguchi v. Butler*, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014), *aff'd*, No. 14-6327 (6th Cir. August 14, 2015). The analysis in *Rosemond* supports the view that it did not announce a new rule of law, as the Court clearly indicated that its holding was dictated by established common law requirements for aiding and abetting liability. *See Rosemond*, 134 S.Ct. at 1248-49.

Furthermore, there is nothing in the law of the Eleventh Circuit, Smith's circuit of conviction, to suggest that his argument would have been foreclosed prior to *Rosemond*. And since *Rosemond,* the Eleventh Circuit has characterized *Rosemond* as merely clarifying, rather than changing, the intent requirement of § 924(c). *United States v. Mack*,

4

572 Fed. Appx. 910, 923 (11th Cir. 2014). Similarly, a district court in that circuit has concluded that a claim brought pursuant to *Rosemond* does not meet the requirements for § 2255's savings clause because *Rosemond* represented only a clarification of existing law, not a new rule of law. *Nesbitt v. Rathman*, 2016 WL 783881, at *3 (N.D. Ala. January 28, 2016) (Report and Recommendation), *adopted by* 2016 WL 778040 (N.D. Ala. February 29, 2016). Thus, while Smith may not have had the advantages that *Rosemond* would have provided to his argument, he was not foreclosed from arguing at trial, on direct appeal, or in his § 2255 motion that the trial court erred by not instructing the jury that in order to convict him, they must find that his intent extended to the whole of the crime, including the carrying of a weapon by an accomplice, and that in order to find intent, they must find that Smith knew that Clemons would carry a weapon.

Smith has failed to establish that his claims fall within the savings clause of § 2255. Accordingly, the undersigned recommends that relief be denied and that Smith's petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 24th day of August, 2016.

                                /s/ F. Keith Ball
                                UNITED STATES MAGISTRATE JUDGE