UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEDRICK GERMOND SMITH                                                              PETITIONER

v.                                                              CIVIL ACTION NO. 3:15cv109-DPJ-FKB

B. MOSLEY, WARDEN, F.C.C.                                                          RESPONDENT
YAZOO CITY

ORDER

This 28 U.S.C. § 2241 petition is before the Court on the Report and Recommendation [13] of United States Magistrate Judge F. Keith Ball. Judge Ball recommended that habeas relief be denied and Petitioner Dedrick Germond Smith's petition be dismissed. Smith filed a timely Objection [16] to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation.[1]

Smith, a federal inmate housed at the Federal Correctional Complex in Yazoo City, Mississippi, was convicted in the United States District Court for the Northern District of Alabama of aiding and abetting the murder of a DEA Agent engaged in the performance of his duties under 18 U.S.C. §§ 2, 1111, and 1114. Smith unsuccessfully appealed his conviction and later filed a motion under 28 U.S.C. § 2255, which was denied. Two subsequent § 2255 motions were dismissed as successive, and Smith filed his § 2241 petition in this Court on February 18, 2015. In his present petition, Smith challenges his conviction as an aider and abettor under 18 U.S.C. § 2 in light of the United States Supreme Court's holding in *United States v. Rosemond*, 134 S. Ct. 1240 (2014).

---

[1] Smith is proceeding pro se. And while the Court ultimately rejects his arguments, his submission was impressively written.

In his Report and Recommendation, Judge Ball correctly noted that "[g]enerally, the proper vehicle for a challenge to a conviction is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of his incarceration." Report & Recommendation [13] at 2. "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause,'" which

> applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 901, 904 (5th Cir. 2001); *see also* 28 U.S.C. § 2255(e) (2012).

Judge Ball concluded that *Rosemond* does not apply outside the context of a conviction for aiding and abetting a violation of 18 U.S.C. § 924(c) and therefore has no bearing on Smith's conviction for aiding and abetting a violation of 18 U.S.C. §§ 1111 and 1114. Report & Recommendation [13] at 3. Judge Ball further concluded that, even if *Rosemond* does apply to Smith's conviction, his argument regarding the intent necessary to support an aiding-and-abetting conviction was not foreclosed by the law in the Eleventh Circuit at the time of his trial, appeal, or first § 2255 motion. *Id.* at 4–5.

Smith makes three arguments in his Objection: (1) *Rosemond* extends beyond the context of aiding and abetting a violation of 18 U.S.C. § 924(c); (2) Smith's claims were foreclosed under Eleventh Circuit law prior to *Rosemond*; and (3) *Rosemond* represents a substantive change of law that is retroactively applicable. Because Smith's second and third

arguments are clearly unfounded, the Court will not further consider his first argument, though Judge Ball correctly noted that it has been rejected in this and other courts. *See id.* at 3 (collecting cases).

Looking first at *Rosemond*, the Supreme Court held that the *mens rea* needed to support a conviction for aiding and abetting the use of a firearm in a drug trafficking offense requires advance knowledge of the firearm. 134 S. Ct. at 1249. This holding flowed from the "basics about aiding and abetting law's intent requirement," which requires "the intent [to] go to the specific and entire crime charged." *Id.* at 1248.

The Eleventh Circuit has described *Rosemond* as "clarif[ying] the showing of intent required for conviction of an aiding and abetting violation under section 924(c)." *United States v. Mack*, 572 F. App'x 910, 923 (11th Cir. 2014). And an Alabama district court recently joined other courts in concluding that an argument concerning the intent necessary to support an aiding-and-abetting conviction regarding firearms would not have been foreclosed prior to *Rosemond*. *See Nesbitt v. Rathman*, No. 1:14-cv-606-SLB-TMP, 2016 WL 783881, at *4 (N.D. Ala. Jan. 28, 2016), report and recommendation adopted, No. 1:14-CV-606-SLB-TMP, 2016 WL 778040 (N.D. Ala. Feb. 29, 2016) ("Eleventh Circuit precedent at the time of Nesbitt's conviction already required what *Rosemond* set forth: evidence that a defendant 'shared criminal intent' with a co-defendant who used or carried a firearm during a robbery." (citing *United States v. Hamblin*, 911 F.2d 551, 558–59 (11th Cir. 1990))).

The *Nesbitt* court based this conclusion on *United States v. Hamblin*, an aiding-and-abetting case under § 924(c), in which the Eleventh Circuit stated that the government must show "the defendant shared the same unlawful intent as the actual perpetrator." *Hamblin*, 911

F.2d at 558.  But Smith attempts to distinguish *Hamblin*, arguing that shared intent is not the same as "advanced knowledge" under *Rosemond* because shared intent might exist with proof of a "shared . . . intent to effectuate the predicate . . . offense."  Pet.'s Objection [16] at 6–7.

Smith's argument ignores the conviction *Hamblin* reviewed.  Hamblin was convicted of aiding and abetting a gun charge under § 924(c), and the Eleventh Circuit's discussion of intent addressed the intent to commit that charge rather than the intent necessary to prove the predicate offense.  *See Hamblin*, 911 F.2d at 558 (noting that "government had the burden of proving that Hamblin shared the criminal intent of his co-defendant *with respect to the firearm charges*" (emphasis added)); *id.* (holding that "government never connected Hamblin to the firearms"); *id.* (noting that conviction required "knowledge" of the firearm).  Smith has not shown that his *Rosemond* argument was "foreclosed" in the Eleventh Circuit.  *Reyes-Requena*, 243 F.3d at 901, 904; *see also Prieto v. Berlin,* No. 14-cv-00514-JL, 2015 WL 6690132, at *2 (D.N.H. Nov. 2, 2015) (citing *Hamblin* and holding that *Rosemond* argument was not foreclosed in Eleventh Circuit); Report and Recommendation [13] at 4 (collecting cases).  Judge Ball correctly concluded that Smith failed to establish the second prong of § 2255's savings clause.

As for Smith's argument that *Rosemond* applies retroactively, the Fifth Circuit has twice rejected that position.  *See Ball v. Boyle*, No. 15-20715, 2016 WL 4784020, at *1 (5th Cir. Sept. 13, 2016) (holding that petitioner had "not demonstrated [*Rosemond*] applies retroactively to cases on collateral review"); *Watson v. Mosley*, 644 F. App'x 348, 348 (5th Cir. 2016) (holding that "the Supreme Court gave no indication that its [*Rosemond*] decision applied retroactively to cases on collateral review").  While these opinions were not selected for publication, they are consistent with others from outside the Fifth Circuit.  As one court noted, "[M]ost every court to

address the question has determined that *Rosemond* is *not* retroactively applicable." *Prieto*, 2015 WL 6690132, at *2, n.4.

Because Smith has not satisfied the requirements of § 2255(e), his petition cannot be viewed as one filed under § 2241, and is instead construed as a § 2255 motion. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). And because "[a] section 2255 motion must be filed in the sentencing court," this Court lacks jurisdiction to hear it. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The motion must therefore be dismissed.

For the foregoing reasons, the Court finds that the Report and Recommendation [13] of Magistrate Judge F. Keith Ball should be adopted as the Court's opinion. Smith's petition is denied, and this case is dismissed.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of October, 2016.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE